JOURNAL ENTRY AND OPINION
Marvin Swinney appeals from his conviction for escape, challenging the constitutionality of R.C. 2967.28, the post-release control statute. On appeal, Mr. Swinney contends the trial court erred when it denied his motion to dismiss because the statute is unconstitutional, and the court failed to advise him of post-release control. After a review of the record, we affirm the decision of the trial court.
The record reveals Mr. Swinney lived in a halfway house as part of his post-release control for an earlier conviction of burglary in Case No. CR-351254. On April 8, 1999, Mr. Swinney failed to return to the halfway house. Thereafter, on November 15, 1999, a grand jury indicted him on one count of escape in violation of R.C. 2921.34. On February 11, 2000, the court conducted a hearing where Mr. Swinney moved to dismiss the indictment. Based on the Ohio Supreme Court's stay of this court's decision in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, the court considered R.C. 2967.28 constitutional and further noted:
 The additional grounds for moving for a dismissal of Defendant Swinney, I believe, unfortunately, has no merit with this case in front of this judge. Basically, Swinney, through his counsel, asserts that at the time of his sentencing before Judge Callahan, another judge of this Court, he was not advised that he would be subject to post release control. I believe that both Mr. Swinney and his attorney, Mr. Dixon, are correct in contending that he should have been informed.
 However, I believe that is an issue that should have been raised on appeal in that case. * * * Therefore, that motion is going to be denied for the reasons that I've indicated.
Thereafter, on March 7, 2000, Mr. Swinney changed his plea from not guilty to no contest. The court later sentenced him to a one-year term of imprisonment for escape. Mr. Swinney appeals from this decision and raises one assignment of error which states:
 I. THE LOWER COURT ERRED AND DENIED THE APPELLANT DUE PROCESS OF LAW BY OVERRULING HIS MOTION TO DISMISS THE INDICTMENT.
Mr. Swinney contends the court erroneously denied his motion to dismiss because post-release control is unconstitutional and because the court failed to advise him about the possibility of post-release control. The State concedes the court should have advised Mr. Swinney of post-release control, but maintains that he should have filed his motion in the case involving his burglary conviction, Case No. CR-351254. Further, the State contends post-release control is constitutional. Thus, the issue here concerns whether the court properly denied Mr. Swinney's motion to dismiss.
We begin by noting in Woods v. Telb (2000), 89 Ohio St.3d 504, the Ohio Supreme Court held in its syllabus:
 1. R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions.
 2. Pursuant to R.C. 2967.28 (B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence.
As applied to the instant case, Mr. Swinney is correct the court must advise him of post-release control. However, the error should have been raised in Case No. CR-351254, not in this case. Further, the Supreme Court of Ohio has determined R.C. 2967.28 does not violate the separation of powers doctrine or due process clause. In accordance with Woods, we are constrained to affirm the judgment of the trial court. Thus, Mr. Swinney's assignment of error is overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ JAMES J. SWEENEY, J.
TIMOTHY E. McMONAGLE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.